IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  05-30033 |
| ) | |
| TYRONE RUSH, ) | |
| ) | |
| Defendant. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Federal Defender's Office's Motion to Withdraw as Counsel (d/e 72) (Motion to Withdraw).  The Court appointed the Federal Defender's Office to represent Defendant in filing a motion for reduction of sentence based on the retroactive Amendment in the Guidelines range for cocaine base offenses.  Text Order entered March 31, 2008.  In June 2008, this Court suspended all filing deadlines in the instant case pending a decision by the United States Court of Appeals for the Seventh Circuit in United States v. Monica Poole, Appeal Number 08-2328.  Text Order entered June 27, 2008.  The Seventh Circuit has now issued an Opinion in the Poole case.  See United States v. Poole,

1

2008 WL 5264410 (7th Cir. Dec. 19, 2008).  The Federal Defender's Office wishes to withdraw because it has concluded that, in light of <u>Poole</u>, Defendant Tyrone Rush is ineligible for a reduction in sentence.

Title 18 U.S.C. § 3582(c)(2) provides that a court may not modify a term of imprisonment once it has been imposed except:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

A reduction is not consistent with applicable policy statements if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, comment n.1(A).

Tyrone Rush was sentenced by this Court on May 26, 2006.  The Court adopted the findings of the Presentence Investigation Report (d/e 42)

(PSR) with respect to the determination of Tyrone Rush's Guideline range, but noted that the Guidelines were advisory. Minute Entry dated May 26, 2006. Under the Guidelines, Tyrone Rush had a total offense level of 31 and a criminal history category of II, resulting in a Guideline sentencing range of 121 to 151 months. The charge in the Indictment, however, carried a statutory minimum penalty of life imprisonment, which increased the Guideline sentencing range to life imprisonment. Statement of Reasons for Imposing Sentence (d/e 41). The Court sentenced Tyrone Rush to 72 months imprisonment. In sentencing Tyrone Rush, the Court departed below the statutory mandatory minimum sentence and the advisory Guideline range upon motion of the Government due to Tyrone Rush's substantial assistance, pursuant to 18 U.S.C. § 3553(e) and the Plea Agreement (d/e 33). Id.

In Poole, the Defendant pleaded guilty to one count of distributing five or more grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). Poole, 2008 WL 5264410. The initial calculation of her sentencing range under the Guidelines resulted in a range of 87 to 108 months. However, a prior felony drug conviction subjected Poole to a statutory minimum sentence of 120 months. See 21 U.S.C. § 841(b)(1)(B).

Thus, Poole's Guideline range became 120 months, and she was sentenced to 120 months imprisonment. Within one year after sentencing, the Government moved under Federal Rule of Criminal Procedure 35(b) to have Poole's original sentence reduced for substantial assistance to the Government. The District Court granted the Rule 35(b) motion and reduced Poole's sentence 25 percent to 90 months. Poole subsequently moved for a further sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2) on the basis of Guidelines Amendment 706, which lowered the base offense level for crack cocaine offenses under U.S.S.G. § 2D1.1. The District Court denied the motion, finding that Poole was ineligible for resentencing under § 3582(c)(2) because her sentence was not based on a sentencing range that was subsequently lowered. Rather her sentence was based on the statutory minimum sentence and a later reduction for substantial assistance, pursuant to the Rule 35(b) motion. The Court of Appeals affirmed.

In the instant case, Tyrone Rush's sentence was similarly based on a statutory minimum sentence, from which the Court departed on motion of the Government. Given this fact, the Federal Defender's Office has concluded that this Court lacks jurisdiction to revisit Tyrone Rush's

4

sentence and that a reduction in Tyrone Rush's sentence would be otherwise inconsistent with U.S.S.G. § 1B1.10 and thus not authorized under § 3582(c)(2). As a result, the Federal Defender's Office asserts that it cannot file a petition for a reduction in sentence on Tyrone Rush's behalf and asks for permission to withdraw as Tyrone Rush's counsel.

THEREFORE, for the reasons set forth above, the Federal Defender's Office's Motion to Withdraw as Counsel (d/e 72) is GRANTED. Defendant is allowed to pursue this matter pro se. Defendant shall file with this Court no later than February 28, 2009, a pleading that either: (a) concedes that the Amendment does not apply to his case, or (b) explains why the Amendment applies in spite of the fact that he was sentenced below the statutory mandatory minimum and Guideline range on motion of the Government, pursuant to 18 U.S.C. § 3553(e).

IT IS THEREFORE SO ORDERED.

ENTER:   January 21, 2009

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE